IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL OSEIBOMSU,

    Plaintiff,

vs.

PFIZER INC.; PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER INC.;
and PHARMACIA & UPJOHN COMPANY,
LLC, a wholly-owned subsidiary of
PHARMACIA CORPORATION,

    Defendants.
_____/

CASE NO.: _____

STATE CASE NO.: 07-11594

## NOTICE OF REMOVAL

    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Pfizer Inc. (hereinafter "Pfizer"), Pharmacia Corporation (hereinafter "Pharmacia"), and Pharmacia & Upjohn Company LLC (incorrectly captioned as "Pharmacia & Upjohn Company, LLC") hereby jointly file this Notice of Removal from the Circuit Court in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida, Tampa Division. The grounds for removal are as follows:

### THE REMOVED CASE

    1.    The removed case is a civil action filed on or about September 10, 2007 in the Circuit Court in and for Hillsborough County, Florida, having been assigned Case No. 07-11594, and captioned <u>Crystal Oseibomsu v. Pfizer Inc., et al.</u> This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28

12303788.1

U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. This is a product liability action arising out of plaintiff's alleged use of Bextra®, an FDA-approved prescription medicine. On September 6, 2005, the Judicial Panel on Multidistrict Litigation (the "JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL proceeding in the Northern District of California (hereinafter referred to as MDL-1699) for cases such as this related to Bextra®. See In re Bextra & Celebrex Mktg., Sales Pracs. & Prods. Liab. Litig., 391 F. Supp. 2d 1377 (JPML 2005). Accordingly, this case is expected to become a "tag-along" action transferable to MDL-1699 pursuant to the Rules of Procedure of the JPML. See Rules of Procedure of the Judicial Panel on Multidistrict Litig., 199 F.R.D. 425 (JPML 2001). The removing defendants will file a motion to stay all proceedings pending MDL transfer.

## PAPERS FROM REMOVED ACTION

3. As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), attached as Exhibit A are copies of all process, pleadings, orders, and other papers or exhibits filed in the state court.[1]

## THE REMOVAL IS TIMELY

4. Plaintiff commenced this action on or about September 10, 2007, and served Pharmacia & Upjohn Company LLC on September 17, 2007. Upon information and belief, Pfizer and Pharmacia have not been served. Therefore, this Notice of Removal is timely filed

---

[1] Per the Clerk of the Court's request, the Complaint has been separated into a separate PDF for the docket and to prevent multiple copies of the same document being placed on the electronic filing system.

- 2 -

12303788.1

within 30 days of receipt of the initial pleading and within one year of commencement of the action.

## THE VENUE REQUIREMENT IS MET

5.  Venue of this removal is proper under 28 U.S.C. § 1441(a) to the Middle District of Florida, Tampa Division because the Circuit Court of Hillsborough County, Florida is within the Tampa Division.

## DIVERSITY OF CITIZENSHIP EXISTS

6.  This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446. There is complete diversity of citizenship and no properly joined and served defendant is a citizen of Florida.

7.  Plaintiff is, and was at the time this action was filed, a citizen of the State of Florida. See Complaint ¶ 2. Plaintiff's Complaint alleges only her residency; however, plaintiff's counsel confirmed that plaintiff is and was a Florida citizen by an e-mail to David J. Walz of the undersigned's office on October 1, 2007 that is attached as Exhibit B.

8.  Defendant Pfizer is, and was at the time this action was filed, a corporation existing under the laws of the State of Delaware, with its principal place of business in the State of New York, and therefore is a citizen of Delaware and New York for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

9.  Defendant Pharmacia is, and was at the time this action was filed, a corporation existing under the laws of the State of Delaware, with its principal place of business in the State

12303788.1

of New Jersey, and therefore is a citizen of Delaware and New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

10.  Defendant Pharmacia & Upjohn Company LLC is, and was at the time this action was filed, a limited liability company whose sole member is (and was) Pharmacia & Upjohn LLC, a limited liability company whose sole member is (and was) Pharmacia Corporation, which is a Delaware corporation with its principal place of business in New Jersey. Accordingly, Pharmacia & Upjohn Company LLC is a citizen of Delaware and New Jersey. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

11.  Because the plaintiff is a citizen of Florida and the named defendants are not, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

12.  Where, as here, the jurisdictional amount is not alleged, it can nevertheless be determined when it is "facially apparent" from the complaint itself. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (holding that the district court may consider whether jurisdictional amount is "facially apparent" from the complaint). A court may also consider the removal notice and post-removal evidence concerning the amount in controversy. See id. Indeed, defendant's removal papers may supply the required elements of diversity jurisdiction as follows:

> Allegations in the defendant's petition for removal, if not contradicted by the allegations of the complaint, are alone sufficient to establish prima facie the existence of federal jurisdiction. The mere fact that the plaintiff's complaint is

12303788.1

silent as to some fact necessary to establish federal jurisdiction, such as the amount in controversy, does not preclude removal of the case by defendant.

Woolard v. Heyer-Schulte, 791 F. Supp. 294, 296 (S.D. Fla. 1992) (citing Wright v. Cont'l Cas. Co., 456 F. Supp. 1075, 1078 (M.D. Fla. 1978)).

13. In this case, it is "facially apparent" that the amount in controversy far exceeds $75,000. Plaintiff seeks unlimited compensatory damages arising out of the alleged use of the prescription pharmaceutical product Bextra®, which she claims caused her to suffer a stroke, renal failure, and other life-threatening complications. See Complaint ¶ 3. Plaintiff alleges that the stroke, renal failure, and other complications caused "permanent damages and disability." Id. Plaintiff further contends that she "suffered and continues to suffer from" the following:

> serious injuries, including, but not limited to, pain and suffering, physical injuries, disability, disfigurement, embarrassment, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical, nursing care and treatment, loss of earnings, loss of the ability to earn money in the future, and a shortened life span.

Id. ¶ 52. In addition to "serious personal injury," plaintiff also claims to have "sustained economic losses, and has expended (and/or may in the future be required to expend) fair and reasonable expenses for necessary health care, attention and services, and has and/or may incur incidental and related expenses." Id. ¶ 60. Plaintiff's allegations of future damages also factor into the amount in controversy analysis. See Baker v. Firestone Tire & Rubber Co., 537 F. Supp. 244, 247 (S.D. Fla. 1982) (plaintiff claimed "great expenses for future medical treatment"); see, e.g., Cabral v. Willard, 333 F. Supp. 2d 1108, 1113 (D. Kan. 2004) (considering "any additional damages [plaintiff] is reasonably likely to experience in the future" resulting from auto accident).

12303788.1

14. Moreover, on October 1, 2007, plaintiff's counsel confirmed that the alleged damages exceed $75,000, exclusive of interest and costs, by an e-mail to David J. Walz of the undersigned's office. See Ex. B.

15. Thus, the state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FILING OF REMOVAL PAPERS

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to plaintiff's counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Hillsborough County, Florida. A true and correct copy of this Notice is attached hereto as Exhibit C.

**WHEREFORE**, defendants Pfizer, Pharmacia, and Pharmacia & Upjohn Company LLC hereby remove the above-captioned action from the Circuit Court in and for Hillsborough County, Florida, and request that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

Edward W. Gerecke – Trial Counsel
Florida Bar No. 328332
CARLTON FIELDS, P.A.
Post Office Box 3239
Tampa, Florida 33601
Telephone:    (813) 223-7000

12303788.1

- 7 -

        Facsimile:    (813) 229-4133
        E-Mail:      egerecke@carltonfields.com

Attorneys for Pfizer Inc., Pharmacia Corporation, and Pharmacia & Upjohn Company LLC

**CERTIFICATE OF SERVICE**

I CERTIFY that copies of this pleading were mailed to Brenda S. Fulmer, C. Todd Alley, and James D. Clark, 701 E. Washington Street, P.O. Box 3127, Tampa, Florida 33601, this 5th day of October, 2007.

_____
Attorney